**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| GOORIN BROS., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SMILIE BEANIE and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Goorin Bros., Inc. ("Goorin"), for its Complaint against Defendants Smilie Beanie and Does 1-10 (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1.       Goorin is a California corporation with its principal place of business at 128 Shotwell St., San Francisco, California, 94103.

2.       On information and belief, Defendant Smilie Beanie is a Canadian company that operates an ecommerce business at the website https://smiliebeanie.com.

3.       On information and belief, Does 1-10 have acted in concert or privity with Defendant Smilie Beanie in the conduct alleged below.

## JURISDICTION AND VENUE

4.       This Court has subject-matter jurisdiction over Goorin's federal claims pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121.

5.       This Court has supplemental jurisdiction over Goorin's claims arising under Delaware state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to Goorin's federal claims that they form part of the same case or controversy and derive from a

common nucleus of operative fact.

6.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants carry on substantial and continuous business activities in Delaware. Additionally, Defendant Smilie Beanie consented to the jurisdiction of this Court when, in response to Goorin's DMCA takedown notice submitted to Shopify Inc. ("Shopify") pursuant to 17 U.S.C. § 512(i), Smilie Beanie filed a DMCA Infringement Counter Notice with Shopify on January 25, 2023.  Defendant's Shopify DMCA Infringement Counter Notice is attached as Exhibit A.

7.     Venue is proper in this District under 28 U.S.C. § 1391.   Additionally, venue is proper in this District because Defendants consented to the jurisdiction of this Court when Smilie Beanie filed a DMCA Infringement Counter Notice with Shopify on January 25, 2023.  See Ex. A.

## **FACTUAL ALLEGATIONS**

### **Goorin and It's Iconic Animal Farm Trucker Hats**

8.     Goorin is one of the most highly recognized hat companies in the United States.

9.     Founded in 1895, and now in its fourth generation of family ownership, Goorin designs and sells a wide variety of hats, headwear, and related apparel and accessories, many of which incorporate iconic designs.

10.     Goorin distributes its products through a wide variety of ecommerce and mass retail channels, including internationally, and operates its own brick-and-mortar stores throughout the United States.

11.     For a number of years, Goorin has offered its highly popular collection of hats, which feature a range of iconic animal images designed by Goorin and centered within a square-

framed patch on the front of the hat, that also shows a term alluding to the animal image, above a stitched brim that prominently features a trapezoidal banded label on the right-hand side of the brim  ("Animal Farm Trucker Hats"), an example of which is depicted below.



12.     Goorin has been selling its Animal Farm Trucker Hats since at least as early as 2004.  The Animal Farm Trucker Hats are displayed on the website https://www.goorin.com/, on social media sites, and in physical retail locations.  An example of the Animal Farm Trucker Hats collection is depicted in Exhibit B.

13.     Goorin is the exclusive owner of copyrights and copyright registrations covering the proprietary animal image designs depicted on its Animal Farm Trucker Hats.

14.     Specifically, Goorin owns the following applicable copyright registrations ("Goorin Copyrights"):

| Title of Work | Registration Number | Effective Date |
|---|---|---|
| Freedom | VA 2-192-846 | April 5, 2019 |
| Black Sheep | VA 2-192-866 | April 5, 2019 |
| Floater | VA 2-192-732 | April 5, 2019 |

| Title of Work | Registration Number | Effective Date |
|---|---|---|
| Stud | VA 2-215-752 | November 13, 2019 |
| R2003 Shark | VA 2-252-031 | January 22, 2021 |
| R2147 Silver Tiger | VA 2-237-003 | February 1, 2021 |
| R2065 Trout | VA 2-255-909 | June 4, 2021 |
| R3175 Red "Queen" | VA 2-294-123 | January 28, 2022 |

15.     The works covered by the Goorin Copyrights are original designs and works of authorship containing copyrightable subject matter, and Goorin is the exclusive owner of all right, title, and interest in the Goorin Copyrights and works covered by the Goorin Copyrights.

16.     As the owner of the Goorin Copyrights, Goorin enjoys the exclusive right to, among other things, reproduce, make derivative works of, display, and distribute products depicting its copyrighted works.

17.     Goorin has also adopted and used in U.S. commerce, including in Delaware, certain trademarks in connection with its hats and related apparel and accessories, including GOORIN BROS. and the Castle Design ( ) ("Goorin Marks"), among many others.

18.     Goorin owns the following U.S. trademark registrations (among many others) for the Goorin Marks for use in connection with hats, headwear, and related apparel, all of which are valid and subsisting on the Principal Register of the U.S. Patent and Trademark Office ("PTO"):

| Mark | Reg. No. | Reg. Date | First Use in U.S. Commerce |
|---|---|---|---|

| Mark | Reg. No. | Reg. Date | First Use in U.S. Commerce |
|---|---|---|---|
| **GOORIN BROS.** | 3,825,023 | July 27, 2010 | December 31, 1895 (Class 25) |
| **GOORIN BROS.** | 3,825,024 | July 27, 2010 | December 31, 1895 (Class 35) |
| **GOORIN BROS.** | 6,839,726 | Sept. 6, 2022 | December 31, 1895 (Class 25) |
| | 3,293,392 | Sept. 18, 2007 | Sept. 1, 2000 (Class 25) |
| | 6,866,607 | Oct. 4, 2022 | Sept. 1, 2000 (Class 25) |

19.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Goorin's federal registration certificates are *prima facie* evidence of the validity of the above marks as well as Goorin's ownership and exclusive right to use these marks in connection with the identified goods.

20.     Registration Nos. 3,293,392 and 3,825,023 have achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

21.     Goorin consistently and prominently uses and displays the Goorin Marks in connection with the advertising, promotion, and sale of its goods.

22.     As a result of Goorin's extensive sales, advertising, and promotion of hats, headwear, and related apparel and accessories under the Goorin Marks, and through widespread industry acceptance and recognition, the consuming public and the trade have come to recognize the Goorin Marks as identifying a single source of high-quality products.

23.     The Goorin Marks are assets of incalculable value as a symbol of Goorin, its quality products, and its goodwill.

24.     Goorin also owns trade dress rights in its hat designs, specifically, animal images centered within a square-framed patch on the front of the hat, that also shows a term alluding to the animal image, above a brim featuring several rows of prominent stitching ("Goorin Trucker Hat Trade Dress").

25.     The Goorin Marks and/or other branding that indicates Goorin as the product source appear with the hats bearing the Goorin Trucker Hat Trade Dress, on the hats, and in the advertisements and promotions of these products.

26.     Goorin maintains the quality and uniformity of the products bearing the Goorin Trucker Hat Trade Dress, and the public identifies the products as Goorin's.

## Defendants' Infringing Conduct

27.     Upon information and belief, Defendants are retailers of hats and headwear having a place of business in Canada.

28.     Defendants offers beanies, baseball hats, berets, bucket hats, sun hats, among other hat styles, in a wide variety of designs, through the website https://smiliebeanie.com/.

29.     Shopify operates an ecommerce platform that supports Defendants' business.

30.     In or about October 2022, Goorin learned that Defendants were marketing and selling a line of hats at the website https://smiliebeanie.com/ that infringe Goorin's intellectual property rights.

31.     Specifically, Defendants' smiliebeanie.com website featured a section entitled "Goorin Bros" on the landing page, which resolved to a display of trucker hats featuring animal designs identical and/or highly similar to Goorin's Animal Farm Trucker Hats ("Smilie Beanie Animal Trucker Hats").

32.     One or more of the Smilie Beanie Animal Trucker Hats also prominently features

a trapezoidal banded label on the right-hand side of the brim bearing the Goorin Marks, and, specifically, Goorin's federally registered Castle Design.

33.     Screenshots of the Smilie Beanie Animal Trucker Hats are depicted in Exhibit C.

34.     Like Goorin's Animal Farm Trucker's Hats, the Smilie Beanie Trucker Hats display square-framed patches on the front center of the hat, and feature animal designs that are confusingly similar to and/or copy one or more of the Goorin Copyrights, and/or highly similar animal images that can easily be confused with Goorin's products, combined with a term alluding to the animal image, an example of which is depicted below:



35.     At no time have Defendants been affiliated in any way with Goorin, and at no time did Goorin authorize Defendants to hold themselves out as being affiliated with Goorin or to copy and distribute the Goorin Copyrights, make works derivative of the Goorin Copyrights, or use the Goorin Marks or the Goorin Trucker Hat Trade Dress.

36.     By marketing and selling its Smilie Beanie's Trucker Hats, including the use of the Goorin Marks and Goorin Trucker Hat Trade Dress on its products and/or website, Defendants have misappropriated Goorin's trademarks, trade dress, and, copyrighted images.

37.     Defendants' unauthorized copying and distribution of the Goorin Copyrights, making of works derivative of the Goorin Copyrights, and unauthorized use of the Goorin Marks and the Goorin Trucker Hat Trade Dress in connection with goods that are identical or virtually identical to those offered by Goorin constitutes copyright infringement, counterfeiting, trademark infringement, and trade dress infringement.

38.     Defendants' marketing and sales of hats displaying works that are identical or virtually identical to those owned by Goorin and use of the Goorin Marks and Goorin Trucker Hat Trade Dress is an obvious attempt to copy Goorin's iconic designs, to ride on the coattails of Goorin, and to improperly trade on the goodwill that Goorin has worked so hard to build in its distinctive designs and brand.   A side-by-side comparison of one example of the parties' products is shown below:



| Goorin Product | Smilie Beanie Product |
| --- | --- |

39.     Defendants have used the Goorin Marks and Goorin Trucker Hat Trade Dress in U.S. commerce by advertising the Smilie Beanie Trucker Hats under the GOORIN Marks and Goorin Trucker Hat Trade Dress, including on the website https://smiliebeanie.com/.

40.     Defendants use of marks that are identical or virtually identical to the Goorin

Marks, and use of trade dress that is identical or virtually identical to the Goorin Trucker Hat Trade Dress, in connection with the marketing and sales of hats that are directly competitive with Goorin's products, is likely to cause confusion, mistake or deception of the relevant trade and public. Consumers will likely believe that Defendants' goods are in some way associated with or connected with, or approved or authorized by Goorin, when this is not the case.

41. The Goorin Marks that are used by Defendants are counterfeits of Goorin's genuine Goorin Marks, as defined in 15 U.S.C. § 1116(d).

42. On October 31, 2022, Goorin sent a letter to Defendant Smilie Beanie demanding that it cease its infringing conduct. Goorin received no response.

43. Goorin sent a second letter to Defendant Smilie Beanie on January 19, 2023, in which it reiterated its demands that it cease its infringing conduct. Goorin received no response.

44. Defendants have continued to market and sell hats that infringe Goorin's copyrights, trademarks, and trade dress, as described above.

45. Defendants' infringing conduct has been knowing, intentional, and willful.

## <u>COUNT I</u>
## Copyright Infringement
## (17 U.S.C. § 501)

46. Goorin incorporates the preceding paragraphs as if fully set forth herein.

47. Goorin owns valid and enforceable copyrights in all of the works covered by the Goorin Copyrights, all of which are creative works of original authorship.

48. Goorin holds valid certificates of copyright registration from the U.S. Copyright Office for those works that Defendants have infringed and continue to infringe. The Registration Certificates are attached as Exhibit D.

49. Defendants do not have authorization, license, or permission from Goorin to

reproduce, distribute, or create derivative works from any of Goorin's creative works.

50.     Defendants are not authorized by law to engage in the acts alleged above.

51.     Through the acts alleged above, Defendants have violated, and are continuing to violate, Goorin's exclusive rights in its hat designs to reproduce, distribute, and make derivative works from them, in violation of 17 U.S.C. §§ 106 and 501.

52.     On information and belief, when developing, adopting, and marketing their Smilie Beanie Animal Trucker Hats, Defendants were and remain aware that Goorin's hat designs are protected by copyright, or acted in and are acting in reckless disregard of the possibility that they were infringing and continue to infringe those copyrights.  Defendants purposely copied and continue to copy the Goorin Copyrights.  Thus, Defendants' violations of Goorin's exclusive rights in its hat designs were and continue to be knowing, intentional, and willful.

53.     Goorin has been damaged as a result of Defendants' copyright infringement.

**COUNT II**
**Infringement of Federally Registered Trademarks**
**(Lanham Act § 32(1), 15 U.S.C. § 1114(1))**

54.     Goorin incorporates the preceding paragraphs as if fully set forth herein.

55.     Goorin owns valid and existing rights in the Goorin Marks.

56.     Defendants use in interstate commerce colorable imitations and/or counterfeits of the Goorin Marks in connection with Defendants' promotion and sale of hats.

57.     Defendants' unauthorized use or colorable imitation of the Goorin Marks is likely to cause confusion and mistake among consumers and others as to the source, origin or sponsorship of Defendants' products sold under marks that are identical or virtually identical to the Goorin Marks.

58.     Defendants' unauthorized use and/or imitation of the Goorin Marks in interstate

commerce constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.     Defendants' unauthorized use and/or imitation of the Goorin Marks is a knowing, willful, and intentional violation of Goorin's rights.

60.     Defendants' infringement diminishes the value of Goorin's marks, goodwill, and business reputation.  Further, Defendants' infringement, unless restrained, will cause great and irreparable injury to Goorin and to the recognition and goodwill represented by the Goorin Marks, in an amount that cannot be ascertained at this time, leaving Goorin with no adequate remedy at law.

61.     By reason of the foregoing, Goorin is entitled to injunctive relief restraining Defendants from any further infringement of the Goorin Marks, and also is entitled to recover Defendant's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, interest, and/or statutory damages under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III
### Trademark Counterfeiting
### (Lanham Act § 35, 15 U.S.C. § 1117(b) and (c))

62.     Goorin incorporates the preceding paragraphs as if fully set forth herein.

63.     Goorin owns valid and existing rights in and to the Goorin Marks and the corresponding federal registrations covering those marks.

64.     Defendants used and use in interstate commerce marks that are identical with and/or substantially indistinguishable from the Goorin Marks in connection with Defendants' promotion and sale of hats.

65.     Defendants' unauthorized use of the Goorin Marks is likely to cause confusion

and mistake among consumers and others as to the source, origin, or sponsorship of Defendants' products sold under those marks.

66.     Defendants' unauthorized use of the Goorin Marks is a knowing, willful, and intentional violation of Goorin's rights.

67.     Defendants intentionally used the Goorin Marks knowing that those marks are counterfeits of the Goorin Marks.

68.     Defendants' conduct constitutes willful counterfeiting pursuant to 15 U.S.C. § 1117(b) and (c).

69.     By reason of the foregoing, Goorin is entitled to recover Defendants' profits and/or actual damages, trebled, reasonable attorneys' fees, and prejudgment interest, and/or statutory damages for each counterfeit mark used.

## COUNT IV
### False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

70.     Goorin incorporates the preceding paragraphs as if fully set forth herein.

71.     Goorin uses and owns the Goorin Marks in connection with its sale of, among other things, trucker hats.  The Goorin Marks are inherently distinctive and have also acquired secondary meaning as a designation of source for Goorin.

72.     In connection with its promotion and sale of their own hats, Defendants use in interstate commerce marks that are identical or virtually identical to the Goorin Marks. Defendants' use of marks that are identical or virtually identical to the Goorin Marks is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship or affiliation of the parties' products.  Consumers seeing hats sold by Defendants under marks that are identical or virtually identical to the Goorin Marks in the marketplace are likely to believe

those products are sponsored by, associated with or otherwise affiliated with Goorin.

73.     Defendants' use of marks that are identical or virtually identical to the Goorin Marks constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     Defendants' use of marks that are identical or virtually identical to the Goorin Marks is a knowing, willful, and intentional violation of Goorin's rights.

75.     Defendants' act of false designation of origin, unless restrained, will cause great and irreparable harm to Goorin and to the business goodwill represented by the Goorin Marks, in an amount that cannot be ascertained at this time, leaving Goorin with no adequate remedy at law.

76.     By reason of the foregoing, Goorin is entitled to injunctive relief against Defendants, restraining them from any further acts of false designation of origin, and is also entitled to recovery of Defendants' profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## <u>COUNT V</u>
### Trade Dress Infringement
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

77.     Goorin incorporates the preceding paragraphs as if fully set forth herein.

78.     Goorin promotes and sells distinctive goods well known to customers interested in high quality and aesthetically pleasing hats, headwear, and other apparel and accessories.

79.     The Goorin Trucker Hat Trade Dress has become recognized in the marketplace as a symbol uniquely associated with Goorin.  Consumers understand the design elements that compose the Goorin Trucker Hat Trade Dress to be indicative of a Goorin product.

80.    The Goorin Trucker Hat Trade Dress represents highly valued goodwill associated with and owned by Goorin.

81.    Goorin owns the Goorin Trucker Hat Trade Dress, which is non-functional, inherently distinctive, and also has acquired substantial secondary meaning in the marketplace by virtue of its use by Goorin in connection with the promotion and sale of its goods, and has developed valuable goodwill associated therewith.

82.    By copying the designs of Goorin's trucker hats, without authorization, Defendants have engaged in trade dress infringement by falsely representing the origin of the relevant products, in violation of Section 43(a) of the Lanham Act.

83.    Defendants' copying and/or imitation of the Goorin Trucker Hat Trade Dress on their own hats is intended to and likely to cause confusion in the marketplace as to the source, sponsorship, affiliation, or authorization of the products Defendants market and sell.

84.    Defendants' copying and/or imitation of the Goorin Trucker Hat Trade Dress is a willful, intentional, and knowing misappropriation of Goorin's valuable rights, and has caused damage to Goorin.

85.    Defendant's conducts has caused and will continue to cause irreparable harm to Goorin and to the substantial goodwill embodied in the Goorin Trucker Hat Trade Dress, and such acts will continue unless restrained by this Court.

**COUNT VI**
**Deceptive Trade Practices under Delaware Law**
**(6 Del. C. § 2532)**

86.    Goorin incorporates the preceding paragraphs as if fully set forth herein.

87.    Defendants' actions, as described above, constitute deceptive trade practices because such actions, inter alia, (a) constitute passing off of Defendants' goods as those of

Goorin; (b) create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods; and (c) create a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with or certification by Goorin, in violation of 6 Del. C. § 2532.

88.    Goorin has been damaged and will continue to be damaged by Defendants' deceptive trade practices and is entitled to treble damages and attorneys' fees pursuant to 6 Del. C. § 2533.

## COUNT VII

### Delaware Common Law Trademark Infringement and Unfair Competition

89.    Goorin incorporates the preceding paragraphs as if fully set forth herein.

90.    Goorin owns and enjoys common-law rights in Delaware and throughout the United States in the Goorin Marks and the Goorin Trucker Hat Trade Dress for use in connection with (among other things) hats and headwear, which are superior to any rights that Defendants may claim in marks that are identical or virtually identical to the Goorin Marks, or trade dress that is identical or virtually identical to the Goorin Trucker Hat Trade Dress, with respect to the provision and sale of hats and headwear.

91.    Defendants' marketing, promotion, offering for sale, and sale of goods under marks that are identical or virtually identical to the Goorin Marks and trade dress that is identical or virtually identical to the Goorin Trucker Hat Trade Dress constitutes trademark infringement, trade dress infringement, and unfair competition under the common law of the State of Delaware.

92.    As a result of Defendants' conduct, the public is likely to believe that Defendants' goods have originated from and/or have been approved by Goorin, when they have not.

93.    Defendants' unauthorized use or confusing imitation of the Goorin Marks and

Goorin Trucker Hat Trade Dress in connection with the promotion and sale of its hats is a knowing, willful, and intentional violation of Goorin's common-law rights, demonstrating bad-faith intent to trade on the goodwill associated with the Goorin Marks and the Goorin Trucker Hat Trade Dress.

94.     Defendants' actions, if not restrained, will cause irreparable injury to Goorin. In addition, Defendants' actions will cause Goorin to lose income, profits, and goodwill while Defendants acquire income, profits, and goodwill. This infringement diminishes the value of the Goorin Marks, the Goorin Trucker Hat Trade Dress, and Goorin's goodwill and business reputation.

95.     By reason of the foregoing, Goorin is entitled to injunctive relief; damages, including but not limited to Defendants' profits, actual damages suffered by Goorin, and punitive damages; and attorneys' fees, costs, and interest.

<u>**COUNT VIII**</u>
**Delaware Common Law Unjust Enrichment**

96.     Goorin incorporates the preceding paragraphs as if fully set forth herein.

97.     Benefits have been conferred upon Defendants by their unauthorized use or confusing imitation of the Goorin Copyrights, the Goorin Marks, and the Goorin Trucker Hat Trade Dress, and Goorin has been harmed to a commensurate degree.

98.     Defendants have appreciated, accepted, and retained these benefits.

99.     It is inequitable for Defendants to retain these benefits without the payment of value to Goorin.

100.    Defendants have been unjustly enriched at the expense of Goorin.

101.    Defendants' activities described above constitute unjust enrichment under the common law of the State of Delaware.

**PRAYER FOR RELIEF**

WHEREFORE, Goorin requests that this Court:

A.      Enter a judgment that Defendants are liable to Goorin for copyright infringement, under 17 U.S.C. §§ 106 and 501;

B.      Enter a judgment that Defendants are liable to Goorin for trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. §§ 1114(1) and 1125(a);

C.      Enter a preliminary and permanent injunction enjoining Defendants and their agents, representatives, employees, assigns, and all persons acting in concert or privity with them, from copying, maintaining, disseminating, reproducing, creating derivative works from, promoting, distributing or otherwise using the Goorin Copyrights, the Goorin Marks or any marks confusingly similar thereto, and the Goorin Trucker Hat Trade Dress or any trade dress similar thereto, as all or part of any mark, trade dress, product, product packaging, configuration, or design;

D.      Enter a preliminary and permanent injunction enjoining Defendants and their agents, representatives, employees, assigns, and all persons acting in concert or privity with them, from doing any act or thing likely to induce the mistaken belief that Defendants' goods are in any way affiliated, connected or associated with Goorin or its goods, or from doing any other act or thing likely to cause confusion with respect to the Goorin Copyrights, the Goorin Marks, and/or the Goorin Trucker Hat Trade Dress;

E.      Enter a judgment that Defendants' copyright infringement, trademark infringement, trade dress infringement, false designation of origin, deceptive trade practices,

unfair competition, and unjust enrichment have been willful;

F.      Order Defendants to deliver to Goorin or to the Court for destruction all materials bearing the Goorin Copyrights, Goorin Marks, Goorin Trucker Hat Trade Dress, or colorable imitations of the Goorin Copyrights, the Goorin Marks, or Goorin Trucker Hat Trade Dress;

G.      Order Defendants to file and serve a report in writing, and under oath, setting forth the manner and form in which they have complied with the Court's order and injunction;

H.      Order Defendants to pay Goorin any damages attributable to Defendants' copyright infringement, trademark infringement, trade dress infringement, false designation of origin, deceptive trade practices, unfair competition, and unjust enrichment, and to account for all gains, profits, and advantages derived therefrom, and such damages authorized by law, including under 17 U.S.C. §§ 504(b) and 504(c) and 15 U.S.C. §§ 1117 and 1120;

I.      Enter an order awarding Goorin its actual damages and/or Defendants' profits, trebled pursuant to 17 U.S.C. §§ 504(b) and 15 U.S.C. § 1117(b), or, in the alternative, awarding Goorin statutory damages pursuant to 17 U.S.C. §§ 504(c) and 15 U.S.C. § 1117(c);

J.      Order Defendants to pay Goorin its attorneys' fees and costs of suit;

K.      Enter an order pursuant to 15 U.S.C. § 1116(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of the Goorin Marks;

L.      Enter judgment that Defendants' acts constitute deceptive trade practices in violation of 6 Del. C. § 2532 and unfair competition under Delaware common law;

M.      Enter a judgment that Defendants' acts in violation of 6 Del. C. § 2532 have been willful;

N.      Enter a preliminary and permanent injunction enjoining Defendants and their agents, representatives, employees, assigns, and all persons acting in concert or privity with

them, from engaging in conduct that constitutes deceptive trade practices under 6 Del. C. § 2532

or unfair competition under Delaware common law;

O.      Declare this to be an exceptional case and award Goorin its attorneys' fees and

costs;

P.      Award Goorin its costs, pre-judgment interest, and post-judgment interest; and

Q.      Award Goorin such other relief as the Court deems just and proper.

### **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Goorin Bros., Inc. demands a jury trial for all issues so triable.

CONNOLLY GALLAGHER LLP

OF COUNSEL:

Britt L. Anderson (*PHV to be filed*)
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
T: (650) 838.4300
F: (650) 838.4350
BAnderson@perkinscoie.com

Thomas L. Holt (*PHV to be filed*)
Jeremy L. Buxbaum (*PHV to be filed*)
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
T: (312) 324.8400
F: (312) 324.9400
THolt@perkinscoie.com
JBuxbaum@perkinscoie.com

Dated: February 10, 2023

*/s/ Arthur G. Connolly, III*
Arthur G. Connolly, III (#2667)
Alan R. Silverstein (#5066)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
asilverstein@connollygallagher.com

*Attorneys for Plaintiff*
*Goorin Bros., Inc.*